NEW FORT PIERCE HOTEL COMPANY, a corporation, (Defendant below), and L. L. CARLTON, (Intervenor below), *Appellants,* vs. FANNIE EDMISTON FLEMING, and EDGAR LEWIS, as Trustee, (Complainants below), and ST. LUCIE COUNTY BANK & TRUST COMPANY, a corporation, A. N. HOOFNAGLE, as Trustee, TRUST COMPANY OF FLORIDA, a Corporation, and C. S. MARVEL, Receiver for NEW FORT PIERCE HOTEL COMPANY, (Defendants below), *Appellees.*

141 So. 607.

Division A.

Opinion filed May 17, 1932.

*G. P. Garrett* and *Baxter Goodlett,* for Appellants;
*Nottingham & Denison,* for Appellees.

PER CURIAM.—Final decree was entered in this cause on the 2nd day of June, 1930. Appeal was entered from the final decree on the 5th of August, 1931, and was dismissed because the appeal was entered more than six months after the final decree. Thereafter, other proceedings were had and on the 7th day of December, 1931, appeal was entered from an order of disqualification filed by the Circuit Judge on July 20, 1931, and from order filed on July 23, 1931, denying the petition of L. L. Carlton for a re-hearing of the decree entered on April 28th, 1931. The decree of April 28th, 1931, was as follows:

"The motion of the complainant in the above stated cause praying for an order to be entered authorizing the special master appointed to make the sale under the final

decree in this cause coming on this day to be heard, and it appearing to the court that an order was entered on June 25, 1930, recorded in chancery order book 9 at page 109, in the office of the Clerk of this court staying the sale in this cause until further order of the court, and it now appearing to the court that no reason exists for the staying of said sale longer, and the court being fully advised in the premises,

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the special master appointed to make the sale in this cause under the final decree be and he is hereby authorized to advertise said property for sale in accordance with the terms of said final decree without further delay.

DONE AND ORDERED in chambers at Miami, Florida, this the 28th day of April, 1931.''

The order on the petition for rehearing was as follows:

''The petition of L. L. Carlton, Intervenor, and Defendant in the above stated cause for a rehearing on the Order of this Court entered and pronounced on the 28th day of April, A. D. 1931, coming on to be heard, and it appearing to the Court that the grounds set up in said petition for rehearing which attacked the Final Decree entered in this cause on the 31st day of May, 1930, are without merit since said Decree of May 31st, A. D. 1930, has not been appealed from and that no petition for rehearing thereon has been filed within the time provided for by Statute, and that said Final Decree has now become final and absolute; and it further appearing to the Court that the other grounds for said petition are without merit,—

It is therefore ORDERED, ADJUDGED AND DECREED THAT said petition for rehearing be and the same is hereby Denied.

It further appearing to the Court that the purported sale herein sought to be confirmed was had upon the 1st day of June, A. D. 1931, and that said petition for rehearing has been duly presented to the Honorable Paul D. Barns, Judge of the Eleventh Judicial Circuit, acting in the place and stead of the Honorable Elwyn Thomas, Judge of the Twenty-first Judicial Circuit who was disqualified, on the 28th day of May, A. D. 1931, and

within the thirty days provided for by Statute for the filing of petitions for rehearing and that said petition for rehearing had not been disposed of on the date of the sale as aforesaid, it is the opinion of this Court that said sale is a nullity.

It is therefore ORDERED, ADJUDGED AND DECREED that the motion for confirmation of the sale be and the same is hereby Denied.

Jurisdiction of this cause is taken by reason of the fact that it has been made to appear to the undersigned that the Honorable Elwyn Thomas, Judge of said Court, is disqualified.

DONE AND ORDERED in Chambers at Fort Lauderdale, Florida, this the 21st day of July, A. D. 1931.''

The assignments of error now presented to the Court are:

''Assignment of Error No. 1: The Court below erred in entering its order of disqualification filed July 20th 1931, disqualifying Judge Elwyn Thomas.

Assignment of Error No. 2: The Court below erred in denying the petition of L. L. Carlton for rehearing of decree entered on April 28th, A. D. 1931.''

Several questions are attempted to be presented in the brief which questions are not before this Court and, therefore, will not be considered. We find no merit in the questions presented by either of the assignments of error and, therefore, the orders and decrees appealed from must be affirmed. It is so ordered.

Affirmed.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.